IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-43,246-02






EX PARTE ANTONIO JOSE ASCENCIO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. 02-5942-A IN THE 106TH DISTRICT COURT

DAWSON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was forwarded to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of assault against a public servant and sentenced to confinement for twenty years.
No direct appeal was taken. 

 Applicant contends that appellate counsel was appointed and timely filed notice of
appeal. Applicant contends, however, that appellate counsel failed to file a brief with the
court of appeals. The trial court has not entered findings of fact or conclusions of law. We
believe that Applicant has alleged facts that, if true, might entitle him to relief. Therefore,
it is this Court's opinion that additional facts need to be developed, and because this Court
cannot hear evidence, the trial court is the appropriate forum. The trial court shall resolve
those issues as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order
affidavits, depositions, or interrogatories from appellate counsel, or it may order a hearing. 
In the appropriate case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to whether appellate counsel timely filed notice of appeal and whether he then failed to
file a brief with the court of appeals. If the trial court finds that appellate counsel failed to
file either notice of appeal or a brief, it shall make findings of fact as to whether Applicant
is entitled to an out-of-time appeal. The trial court shall also make any further findings of fact
and conclusions of law it deems relevant and appropriate to the disposition of the application
for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 7th DAY OF JUNE, 2006.





 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.